**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0049-21

MICHELLE HERMAN,

    Plaintiff-Respondent,

v.

ANTHONY LAMANNA, SR.,

    Defendant-Appellant.

_____

Argued August 30, 2022 – Decided September 7, 2022

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0019-18.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).

Carol N. Goloff argued the cause for respondent.

PER CURIAM

Defendant Anthony Lamanna, Sr. appeals from an August 23, 2021 order entered following a bench trial in the Law Division[1] before Judge James H. Pickering, Jr., adjudicating disputes between him and plaintiff Michelle Herman for the partition of real property and granting plaintiff a money judgment against defendant. We affirm.

The parties met in 1997, and shortly thereafter began dating. In 2002, after plaintiff became pregnant with the parties' first child, defendant purchased a two-bedroom home in his name alone in Tuckahoe. The parties lived in defendant's residence for seven years. Plaintiff agreed to contribute $350 per month for purposes of maintaining the property and child-related expenses. The parties' first child was born in 2003 and the second followed in 2006.

In 2009, plaintiff wanted a bigger home and purchased one in her name alone, in Seaville. The parties lived in the residence for the last seven years of their relationship. They agreed to share the monthly living expenses equally by contributing to the joint account, but otherwise kept their finances separate. Defendant borrowed funds from a home equity line of credit (HELOC) on the

---

[1] Although this dispute arises from a "family-type relationship" and is cognizable as a Family Part matter, see Rule 5:1-2(a), the parties agreed, among other reasons, to try it in the Law Division because the judge had previously conducted a trial involving the parties in the Family Part and was familiar with the case.

A-0049-21

Seaville residence, including on some occasions, without plaintiff's knowledge. Defendant maintained, improved, and rented his Tuckahoe property, keeping the rental income to himself. He also ceased contributing to the joint account beginning in 2017. The parties separated later that year when plaintiff changed the locks on her residence.

In 2018, plaintiff filed a complaint seeking repayment of: the money defendant borrowed from her personally; income tax refunds he took from her for tax years 2009-11; and the funds drawn on the HELOC, charges on a credit card, and other debts incurred—all totaling $92,100. Defendant filed an answer and counterclaim requesting plaintiff repay him the money he spent on the Seaville property or that the court grant him an equal interest in the value of the residence. Plaintiff thereafter amended her complaint, seeking an interest in the Tuckahoe property in the event the court found defendant had an interest in the Seaville property.

Judge Pickering tried the matter over four days. Plaintiff testified and presented two fact witnesses and defendant testified along with three fact witnesses. The judge issued a written decision, noting he considered 127 written exhibits. As for the testimony, he found plaintiff credible and found defendant not credible, noting he was "not direct . . . [and] was argumentative, evasive[,]

and condescending to [p]laintiff's counsel and even to his own counsel. He frequently chuckled or even laughed at questions both during and after his answers." The judge noted the objective documentary evidence refuted defendant's testimony, showing he did not meet his financial obligations, failed to contribute to the joint account, hid his lack of contribution to the joint expenses by taking money from the HELOC to meet his share of the obligations, and even took money set aside for the children. The judge characterized defendant's testimony regarding the improvements made to the Seaville home as "evasive."

Addressing the parties' claims for a share in the other's residence, the judge found there was no joint venture because there was no agreement to purchase real estate together, each party purchased their home with separate funds, and neither party was on the deed to the other's property. Moreover, the parties did not function as a family unit because defendant rebuffed plaintiff's attempts to marry and it "was clear that the parties were not married and would not be married. Friends all knew they were not married." The judge found the funds defendant contributed to the joint account was to support, shelter, feed, and clothe the children. Defendant made no monetary contributions to the residence after the parties' separation, which was notable because "[i]f defendant

A-0049-21

believed he owned half the property surely he would have continued to pay his half of all expenses." The judge concluded it would be inequitable to partition the Seaville home given defendant's failure to contribute to it since August 2017.

The judge rejected defendant's argument for the imposition of a constructive trust for one-half the equity in plaintiff's residence finding no agreement to the "contributions to the joint account meant that [d]efendant was entitled to half of the equity in the home." And "[d]efendant did not want any obligation with regard to the property, and he refused to put his name on the mortgage." Further, plaintiff purchased a property in her name alone and "[i]t is unconscionable that [d]efendant would tell [p]laintiff that he would not put his name on the mortgage or the deed and then claim that he is entitled to half [the] equity in the property because he contributed to the family expenses."

Plaintiff was not unjustly enriched by defendant's payments because defendant "received a place to live, a family home." Further, "[p]laintiff assumed all of the risks of home ownership and [d]efendant assumed none." The judge concluded defendant's payments were willingly made and "were gifts to the family household[.]" Defendant failed to meet the clear and convincing burden of proof necessary to impose a constructive trust. Because defendant

failed to prove an interest in the Seaville residence, the judge likewise rejected plaintiff's claim to an interest in the Tuckahoe home.

The judge further concluded plaintiff gifted defendant the income tax refunds and denied her request for reimbursement. He reviewed approximately twenty-six transactions from the HELOC in analyzing plaintiff's claim for reimbursement from defendant. He concluded three transactions totaling $5,000 constituted gifts from plaintiff to defendant because plaintiff wrote the checks, some of them blank, and handed them to defendant. However, defendant was responsible for several other transactions, totaling $17,950, because he wrote the checks, forged plaintiff's signature, and took the HELOC funds for his own use rather than for their intended purpose of making home repairs. The judge denied defendant a credit against the funds taken because there was no evidence they were used to repair the home, and little proof of what defendant did with the money or of its repayment.

The judge also found plaintiff loaned defendant $12,700, represented by a series of checks she wrote to him between 2016 and 2017 containing notations identifying them as loans. He concluded "[d]efendant, by cashing those checks . . . accepted that the money was intended to be a loan and was to be repaid." Defendant adduced proof that convinced the judge he repaid $5,700 toward the

6

loans, leaving $7,000 due to plaintiff. The total of the judgment entered against defendant was $24,950.

On appeal, defendant argues the judge erred by not partitioning the Seaville property because the parties had a joint venture, and the court should have imposed a constructive trust or granted relief based on quantum meruit. He claims the evidence showed the parties pooled their money, he was willing to be put on the mortgage, and had paid money to the mortgage. Defendant asserts the amount of the money judgment was erroneous because plaintiff did not meet her burden of proof showing the parties mutually agreed he would repay the funds he took. Even so, defendant alleges plaintiff failed to prove damages because she did not establish the amount of money defendant failed to repay and the court's calculation of the debits and credits to arrive at the judgment amount was flawed.

Our review of a trial court's fact-finding in a non-jury case is limited. Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011). "The general rule is that findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence. Deference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). The trial court

A-0049-21

alone enjoys the benefit of observing the parties' conduct and demeanor in the courtroom and in testifying. Ibid. Through this process, trial judges develop a feel of the case and are in the best position to make credibility assessments. Ibid. We defer to those credibility assessments unless they are manifestly unsupported by the record. Balducci v. Cige, 456 N.J. Super. 219, 233 (App. Div. 2018). However, we owe no deference to a trial court's interpretation of the law, and review issues of law de novo. Mountain Hill, LLC v. Twp. Comm. of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008).

A trial judge sitting as a fact finder can disregard irrelevant or improper evidence. State v. Kunz, 55 N.J. 128, 144-45 (1969). Therefore, as with our review of a judge's factual and credibility findings, "[o]ur review of . . . evidential rulings 'is limited to examining the decision for abuse of discretion.'" Ehrlich v. Sorokin, 451 N.J. Super. 119, 128 (App. Div. 2017) (quoting Parker v. Poole, 440 N.J. Super. 7, 16 (App. Div. 2015)).

Having considered each of defendant's arguments and reviewed the record pursuant to these principles, we affirm for the reasons expressed in Judge Pickering's thorough and well-written opinion. Defendant failed to meet the burden of proof necessary to establish an interest in plaintiff's residence. The evidence, specifically the testimony regarding the history and nature of the

A-0049-21

parties' relationship and the documents provided, supports the judge's findings regarding the money judgment and the loans made to defendant. We discern no reversible error and decline to second-guess the judge's findings.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION